UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TIARA HOLY,                        )
            Plaintiff,            )
                                  )
        v.                        ) C.A. No. 04-12228-WGY
                                  )
JOHN CRONIN,                      )
            Defendant.           )

MEMORANDUM AND ORDER

YOUNG, C.J.

For the reasons stated below, Tiara Holy shall pay the filing
fee for this action or submit an application to proceed without
prepayment of fees.  If she takes either action, she shall also
demonstrate good cause, in writing, within thirty-five (35) days of
the date of this Order, why this action should not be dismissed.

BACKGROUND

On October 6, 2004 Plaintiff Tiara Holy (formerly named Norma
B. Barroso), filed a self prepared complaint against the defendant
John Cronin.  She did not pay the $150 filing fee, nor did she file
an Application to Proceed Without Prepayment of Fees.

The precise claims presented by the Plaintiff are not entirely
clear. Apart from scattered lucid allegations concerning a divorce
proceeding in which she claims the defendant John Cronin was the
presiding Judge of the Probate and Family Court, Essex Division, the
rest of Plaintiff's complaint is virtually incoherent. Most of her
submissions include what appears to be a recounting of her

background, including information about her children, real estate

holdings (two pieces, on valued at $500,000, the other valued at

$750,000), health status (nursing), genealogy (English royalty),

citizenship (naturalized), education (D.D. molecular biology and

genetics, chemical engineering, urbanism, and law and

administration), languages spoken (Spanish, English, French,

Portuguese), and interests (Mohair knittings, ballet, art, fine

landscaping). (Plaintiff's complaint, pages 1-4).  Also included is

what appears to be a genealogy from the 1700's to the present, all

written in French.  (Attachment pages 1-9).  In the category she

labels as "Uniqueness" Plaintiff states she is an "Angel of the

Lord".  Under the category "Genome" Plaintiff states: "Supernatural

female...Resurrected once...Went invisible twice."

    The real crux of her complaint however, appears to be her

traverse with Justice Cronin's Divorce Judgment. While no specific

factual allegations are contained in the submission, this information

is gleaned from the submission of a Promissory Note from her husband

Malcolm D. Noriega for the sum of $160,000.  The Note references that

it is made pursuant to a Judgment of Divorce dated July 20, 2004.

Presumably, Plaintiff is not pleased with the terms of the Divorce

Judgment and custody determinations. She states, in relevant part:

> I, Tiara Holy, angel of the Lord, bestowed by
> the Lord God Almighty himself with supernatural
> power and legal authority on His holy name and

> on the holy name of His beloved son our Lord
> Jesus Christ, hereby declare divorce judgment
> undersigned by Judge Cronin of no legal effect.
> Judge Cronin has proceeded in a fraudulent
> manner when managing family docket # 03D-1888-
> DV1....Divorce was left without valor by
> Plaintiff's submittance of a motion for
> Reconciliation.  Have in mind that Plaintiff
> initiated divorce for infidelity and multiple
> homicides by Malcolm Noriega....Judge Cronin
> split the family disregarding legal
> basics....It would be just to prosecute John
> Cronin for murder with malice and perversity.
> However, my daughters whom I have not been able
> to contact since longtime definitely come
> first.

Plaintiff seeks to have this Court "make void her divorce deeds" and to "Grant Plaintiff police immunity, keeping God's instruction."

Plaintiff Holy, previously using the name "Norma Barroso", has presently pending an Appeal with the First Circuit Court of Appeals of a related action dismissed by Judge O'Toole, C.A. 04-10631-GAO, on May 7, 2004, as frivolous. That action involved allegations that President Bush was causing her emotional and physical pain and was embezzling by fraud, that her husband raped her and abused one of their children. At that time the divorce proceedings were pending.

### ANALYSIS

I.  Holy Must Pay the Requisite
    Filing Fee Or Submit An Application
    <u>to Proceed Without Prepayment of the Fees</u>

A party filing an action in this Court must either (1) pay the

requisite filing fee for the action ($150 for civil actions; $5 for

habeas petitions) or (2) file an application to proceed in forma

pauperis on the form required by this Court entitled "Application to

Proceed Without Prepayment of Fees and Affidavit" (the

"Application").    See Fee Schedule for the District of Massachusetts;

28 U.S.C. § 1914 (fees); 28 U.S.C. § 1915 (in forma pauperis).

Because Plaintiff has not paid the filing fee or submitted an

application for waiver of the filing fee, she shall be granted

additional time to do so.    Plaintiff is further advised that if she

pays the fee or files an Application, this action will be subject to

dismissal for the reasons stated below.

II.    Plaintiff's Claims Lack An Arguable Basis in Law

A district court may sua sponte dismiss a non-prisoner

complaint, regardless of whether payment of the filing fee has

been received, where the allegations contained in the

complaint, taken in the light most favorable to the plaintiff,

are patently meritless and beyond all hope of redemption.

Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir.

2001) (citations omitted); cf., Bell v. Hood, 327 U.S. 678,

682-83 (946)(observing that dismissal for lack of subject-

matter jurisdiction may result if the federal claim "clearly

appears to be immaterial and made solely for the purpose of

obtaining jurisdiction or...is wholly insubstantial and

frivolous."); <u>Tyler v. Carter</u>, 151 F.R.D. 537, 540 (S.D.N.Y.

1993)(court could *sua sponte* dismiss complaint under standards

for *in forma pauperis* actions even though plaintiff paid the

filing fee).

Here, plaintiff is essentially seeking review of issues

related to a divorce proceeding and Judgement of Divorce

entered in the Essex Probate and Family Court. Many, if not

all of her allegations clearly appear to lack any arguable

basis in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319 U.S. 319,

327-328 (1989)(claims lack an arguable basis in fact when they

describe fantastic or delusional scenarios); <u>Denton v.</u>

<u>Hernandez</u>, 504 U.S. 25, 33 (1992)(fantastic or delusional

scenarios involve alleged facts that are irrational or wholly

incredible).

III. <u>Absolute Judicial Immunity</u>

Plaintiff names Justice Cronin as a defendant, because he

"split the family disregarding legal issues."  Plaintiff fails

to provide any specific factual allegations with respect to

the defendant's conduct. Even if this omission were not fatal

to her claims against the defendant, the claims are also

precluded because judges are entitled to absolute judicial

immunity.  <u>See, e.g.</u>, <u>Mireles v. Waco</u>, 502 U.S. 9, 11 (1991)

(per curiam) ("[J]udicial immunity is an immunity from suit,

not just from the ultimate assessment of damages); Pierson v.

Ray, 386 U.S. 547, 553-554 (1967) (absolute judicial immunity

protects integrity of judicial process; immunity applies even

in instances where a judge is accused of acting maliciously

and corruptly); Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir.

1996)(even where a party alleges a judge conspired with

another party to rule against him, such allegations do not

pierce the immunity extended to judges.) Thus, plaintiff's

claims against this defendant shall be dismissed.

Similarly, Plaintiff provides no factual allegations in

support of her request for police immunity. Presumably,

Plaintiff is seeking to be held free from prosecution for any

potential future charges which may be filed against her.

Plaintiff has failed to submit any bases whatsoever for this

request.  Moreover, should the Plaintiff seek to enjoin any

persons attempting to criminally prosecute her in the future,

Plaintiff is advised that absolute judicial immunity extends

to prosecuting attorneys acting within the scope of their

official duties.  Imbler v. Pachtman, 424 U.S. 409, 422

(1976). To the extent that Plaintiff seeks an injunction

against unknown police officers from future arrests of the

Plaintiff, the request is denied, as lacking any merit.

IV.  The Rooker-Feldman Doctrine

Plaintiff's complaint does not on its face present any federal claims.  However, to the extent that Plaintiff seeks to have this Court review, on the merits, any of the decisions Justice Cronin or the Essex Probate and Family Court, this Court  lacks subject-matter jurisdiction over her claims.  Lower federal courts are without subject-matter jurisdiction to sit in direct review of state court decisions pursuant to the Rooker-Feldman[1] doctrine.  See, e.g., Hill v. Town of Conway, 193 F.3d 33, 34 (1st Cir. 1999) (citing Wang v. New Hampshire Bd. of Registration, 55 F.3d 698, 703 (1st Cir. 1995)) (describing Rooker-Feldman doctrine)).  The jurisdiction to review state court decisions lies exclusively with superior state courts and, ultimately, the United State Supreme Court.  See Feldman, 460 U.S. at 482-86; Rooker, 263 U.S. at 415-16.

The Rooker-Feldman doctrine precludes a federal action if the relief requested in that action would effectively reverse a state court decision or void its holding or if the plaintiff's claims are "inextricably intertwined" with the state court's decision.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 286 (1983) ("Federal district courts do not have jurisdiction over challenges to state-court decisions in particular cases arising

---

[1]The Rooker-Feldman doctrine is a distillation of two Supreme Court decisions:  Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  See Hill, 193 F.3d at n. 1 (describing history of doctrine).

out of judicial proceedings even if those challenges allege that the

state court's action was unconstitutional.") (internal quotation

omitted); accord Johnson v. De Grandy, 512 U.S. 997, 1005-1006 (1994)

(Rooker-Feldman doctrine bars "a party losing in state court ... from

seeking what in substance would be appellate review of the state

judgment in a United States District Court, based on the losing

party's claim that the state judgment itself violates the loser's

federal rights); Mandel v. Town of Orleans, 326 F.3d 267, (1st Cir.

2003) (Rooker-Feldman doctrine precludes a lower federal court from

entertaining a proceeding to reverse or modify a state-court judgment

or decree to which the assailant is a party).  Thus, to the extent

that Plaintiff Holy seeks to have this Court review the decisions of

the Essex Probate and Family Court and determine that they are

incorrect, her claims are subject to dismissal.  Hill, 193 F.3d 33 at

34 (dismissing).

    V.   The Domestic-Relations Exception

    Here, there is no indication that there exists any bases

for federal subject matter jurisdiction based on diversity.

Plaintiff is a citizen of Massachusetts, however the

citizenship of Justice Cronin is unknown.  This lack of proof

of diversity of citizenship is fatal. Even presuming however,

that there is diversity of citizenship present, and even

applying an extraordinarily generous reading of the pleadings

and presuming that the amount in controversy exceeds $75,000

pursuant to 28 U.S.C. §1332(a)(based on the dispute over

property division as evidenced by the $160,000 Promissory

Note), Plaintiff's state law claims are still subject to

dismissal pursuant to the domestic-relations exception.  Federal

courts have traditionally declined to exercise jurisdiction over

matters involving domestic relations such as divorce and custody

disputes even though diversity and the jurisdictional amounts are

present for purposes of diversity jurisdiction.  Ankenbrandt v.

Richards, 504 U.S. 689, 703 (1992) (describing doctrine); accord Elk

Grove Unified School Dist. v. Newdow, 124 S. Ct. 2301, 2309 (2004)

(citations omitted) (same).

### CONCLUSION

ACCORDINGLY, for the foregoing reasons, it is ORDERED:

(1) Holy shall either pay the filing fee for this action

or submit an application to proceed without prepayment of

fees within 35 days of the date of this Memorandum or Order;

(2) If Holy pays the fee or submits an Application, she

shall also demonstrate good cause, in writing, within thirty-

five (35) days of the date of this Order, why the complaint

should not be dismissed for the reasons stated above;

(3) The Clerk shall send Holy an Application to Proceed

Without Prepayment of Fees and Affidavit.

Dated at Boston, Massachusetts, this <u>15th</u>  day of <u>November</u>, 2004.

<u>/s/ William G. Young</u>
WILLIAM G. YOUNG
